PROB 12C
(6/16)

Report Date: July 6, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jul 07, 2020**

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: Nathaniel Jameco Brown | | Case Number: 0980 2:10CR00144-EFS-1 |
| Address of Offender: | | Spokane, Washington 99202 |

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: September 20, 2011

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922 | | |
| Original Sentence: | Prison - 96 months; TSR - 48 months | Type of Supervision: Supervised Release | |
| Revocation Sentence: (July 14, 2018) | Prison - 12 months; TSR - 48 months | | |
| Revocation Sentence: (October 25, 2019) | Prison - 41 days TSR - 46 months, 20 days | | |
| Revocation Sentence: (December 4, 2019) | Prison - 4 months TSR - 24 months | | |
| Asst. U.S. Attorney: | Tyler Tornabene | Date Supervision Commenced: March 27, 2020 | |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: March 26, 2022 | |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| | **Supporting Evidence**: On June 25, 2020, Mr. Brown was in direct violation of standard condition number 5 by failing to inform this officer he had moved to a different residence since June 20, 2020. |

Prob12C
Re: Brown, Nathaniel Jameco
July 6, 2020
Page 2

On March 30, 2020, Mr. Brown was informed of his court ordered conditions. He was supplied a copy and stated that he understood his conditions in full.

On June 25, 2020, Mr. Brown's girlfriend called this officer to inform they had moved to a new residence. She told Mr. Brown to call the undersigned and report the change of address, however, he never followed through.

It should be noted that the undersigned and Mr. Brown spoke on June 22, 2020, and he failed to report a change of address during the conversation. Mr. Brown has been verbally admonished for his continued lack of communication.

2      **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Brown is in direct violation of special condition number 6 by failing to report for urine testing on June 29, 2020.

On March 30, 2020, Mr. Brown was informed of his court ordered conditions. He was supplied a copy and stated that he understood his conditions in full.

Due to Mr. Brown's past issues with illegal drugs, he was directed to call the urine testing hotline daily. He was to listen for the color GOLD 1 and when the color GOLD 1 was called, he had from 7 a.m. to 5 p.m. to supply a urine sample at Pioneer Human Services (PHS).

On June 29, 2020, the color GOLD 1 was called and Mr. Brown failed to report as directed.

3      **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On June 30, 2020, Mr. Brown was in direct violation of special condition number 6 by failing to report to PHS for his required urine sample.

On March 30, 2020, Mr. Brown was informed of his court ordered conditions. He was supplied a copy and stated that he understood his conditions in full.

Due to Mr. Brown missing his random urine sample on June 29, 2020, he was directed to supply a urine sample on June 30, 2020.

On July 1, 2020, the undersigned officer was informed from PHS that Mr. Brown failed to supply a urine sample because he never reported to their facility.

Prob12C
Re: Brown, Nathaniel Jameco
July 6, 2020
Page 3

| | | |
|---|---|---|
| 4 | | **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: On July 1, 2020, Mr. Brown was in direct violation of special condition number 6 by failing to report to PHS for his required urine sample.

On March 30, 2020, Mr. Brown was informed of his court ordered conditions. He was supplied a copy and stated he understood his conditions in full.

Due to Mr. Brown missing his random urine sample on June 30, 2020, he was directed to supply a urine sample on July 1, 2020. The undersigned officer left numerous voicemail messages and text messages informing Mr. Brown to report as directed.

On July 2, 2020, the undersigned officer was informed by PHS that Mr. Brown failed to supply a urine sample because he never reported to their facility.

| | | |
|---|---|---|
| 5 | | **Special Condition #3**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. You must abide by the rules and requirements of the facility. |

**Supporting Evidence**: On July 2, 2020, Mr. Brown was in direct violation of special condition number 3 by failing to follow the rules and regulations of the RRC.

On March 30, 2020, Mr. Brown was informed of his court ordered conditions. He was supplied a copy and stated that he understood his conditions in full.

Mr. Brown reported to the RRC on July 2, 2020. During the intake, he was directed to supply a urine sample before he was allowed into the facility. Mr. Brown did not agree with the procedures regarding how the RRC collected the urine sample. Specifically, he refused to allow them visual observation so staff could verify that Mr. Brown did not have a device to falsify his urine sample. Due to Mr. Brown's refusal, he was subsequently terminated from the RRC.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 6, 2020

s/Joshua D. Schull

Joshua D. Schull
U.S. Probation Officer

Prob12C
**Re: Brown, Nathaniel Jameco**
**July 6, 2020**
**Page 4**

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

*Edward F. Shea*
_____
Signature of Judicial Officer

July 7, 2020
_____
Date