PROB 12C
(6/16)

Report Date: October 6, 2020

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Nathaniel Jameco Brown | Case Number: | 0980 2:10CR00144-EFS-1 |
| Address of Offender: | | Spokane, Washington 99202 | |

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: September 20, 2011

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922 (g)(1) | | |
| Original Sentence: | Prison - 96 months<br>TSR - 48 months | Type of Supervision: | Supervised Release |
| Revocation Sentence:<br>(July 14, 2018) | Prison - 12 months<br>TSR - 48 months | | |
| Revocation Sentence:<br>(October 25, 2019) | Prison - 41 days<br>TSR - 46 months, 20 days | | |
| Revocation Sentence:<br>(December 4, 2019) | Prison - 4 months<br>TSR - 24 months | | |
| Asst. U.S. Attorney: | Tyler Tornabene | Date Supervision Commenced: | March 27, 2020 |
| Defense Attorney: | Molly Marie Winston | Date Supervision Expires: | March 26, 2022 |

### PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 07/06/2020 and 07/20/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: It is alleged that on October 2, 2020, Mr. Brown was in violation of special condition number 6 by refusing to provide a urine sample at Pioneer Human Services (PHS).<br><br>On March 30, 2020, Mr. Brown's Court ordered conditions of supervision were explained to him. He was supplied a copy of his judgment and stated he understood his conditions in full. |

Prob12C
Re: Brown, Nathaniel Jameco
October 6, 2020
Page 2

|  |  |  |
|---|---|---|
|  |  | On October 2, 2020, Mr. Brown reported to PHS and was informed his urinalysis submission that day would be observed. Mr. Brown would not comply with the observed urinalysis submission and decided to leave the facility. It is unclear why Mr. Brown refused to supply the urine sample once he was informed he would be observed. As a result, he failed to provide a urine sample as directed. |
| 9 | **Special Condition #6**: | You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: It is alleged that on October 5, 2020, Mr. Brown was in violation of special condition number 6 by disclosing he used marijuana on September 28, 2020.

On March 30, 2020, Mr. Brown's Court ordered conditions of supervision were explained to him. He was supplied a copy of his judgment and stated he understood his conditions in full.

He was directed to supply a urinalysis sample on October 6, 2020. Mr. Brown disclosed the sample would be positive for marijuana because he last used on September 28, 2020.

10    **Standard Condition #7:** You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excused you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excused you from doing so. If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that on October 5, 2020, Mr. Brown was in violation of standard condition number 7 by disclosing he had been fired from his job weeks prior.

On March 30, 2020, Mr. Brown's Court ordered conditions of supervision were explained to him. He was supplied a copy of his judgment and stated he understood his conditions in full.

On October 5, 2020, Mr. Brown disclosed he had been terminated from his employment roughly 2 weeks prior. When asked why he had not informed this officer during their weekly contacts, Mr. Brown did not have a good excuse. He stated he did not want to get in trouble for losing his job. Mr. Brown failed to notify his probation officer of his employment status change.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

Prob12C
**Re: Brown, Nathaniel Jameco**
**October 6, 2020**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    10/06/2020

s/Joshua D. Schull

Joshua D. Schull
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]   Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

*Edward F. Shea*

Signature of Judicial Officer

October 7, 2020

Date