PROB 12C
(6/16)

Report Date: January 4, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Nathaniel Jameco Brown                Case Number: 0980 2:10CR00144-EFS-1

Address of Offender:                    Richland, Washington 99352

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: September 20, 2011

Original Offense:        Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1)

Original Sentence:       Prison - 96 months            Type of Supervision: Supervised Release
                         TSR - 48 months

Revocation Sentence:     Prison - 12 months
(July 14, 2018)          TSR - 48 months

Revocation Sentence:     Prison - 41 days
(October 25, 2019)       TSR - 46 months, 20 days

Revocation Sentence:     Prison - 4 months
(December 4, 2019)       TSR - 24 months

Asst. U.S. Attorney:     Tyler Tornabene              Date Supervision Commenced: March 27, 2020

Defense Attorney:        Molly Marie Winston          Date Supervision Expires: March 26, 2022

### PETITIONING THE COURT

To issue a warrant and to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 07/06/2020, 07/20/2020 and 10/7/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number        Nature of Noncompliance

    11                  **Standard Condition # 5**:You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

                        **Supporting Evidence**:  The offender is considered to be in violation of his period of supervised release by failing to notify his supervising probation officer of a change in address on or prior to December 31, 2020.

On March 30, 2020, the offender's conditions of supervision were explained to him. He was supplied a copy of his judgment and stated he understood his conditions in full.

On October 22, 2020, the offender moved from Spokane, Washington, to an Oxford home in Richland, Washington. Oxford homes are clean and sober residences. The offender was contacted virtually at the Richland residence on November 3, 2020. The virtual walk through of the residence was conducted to verify the offender was living at the residence.

On December 9, 2020, an attempt was made to contact the offender at his residence in person. The offender was not home at the time of the contact, but other individuals living at the residence confirmed the offender lived there.

On December 31, 2020, an attempt was made to contact the offender by phone. It was found the phone number was no longer valid. A call was placed to the president of the Oxford home in an attempt to contact the offender. The Oxford house president advised the offender had traveled to Spokane several days prior and had not returned. As the offender had not been in contact with the Oxford house is several days, his placement was being terminated.

The offender has failed to contact this officer to advise of any change in address. At this time the offender's whereabouts are unknown.

12     **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to report for random drug testing on December 16, 2020.

On March 30, 2020, the offender's conditions of supervision were explained to him. He was supplied a copy of his judgment and stated he understood his conditions in full.

On October 27, 2020, the offender was directed to call the Merit Resource Services color line in Kennewick, Washington, Monday through Friday, and report for a random drug test when the color Gold was noted.

On December 16, 2020, the color Gold was noted on the color line. The offender failed to report for his random drug test. The offender was contacted about the missed drug test on December 17, 2020. The offender advised he did not understand why he needed to continue with random drug testing. The offender was advised it is an expectation of the Court and he has a recent history of drug use.

13     **Special Condition #5:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

Prob12C
Re: Brown, Nathaniel Jameco
January 4, 2021
Page 3

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to comply with outpatient chemical dependancy treatment on or prior to December 31, 2020.

On March 30, 2020, the offender's conditions of supervision were explained to him. He was supplied a copy of his judgment and stated he understood his conditions in full.

On November 24, 2020, the offender's outpatient drug treatment was transferred from Pioneer Human Services in Spokane, Washington, to Merit Resource Services in Kennewick, Washington.

On December 29, 2020, the offender failed to report for his group session. He also missed an individual session which was scheduled for the same day. On December 30, 2020, the offender showed for group. When the group was reviewing a video as part of treatment, the offender left and did not return. The offender has not contacted his counselor about his missed sessions or why he left during the video. The offender's counselor also confirmed the offender has not been attending self-help groups as part of treatment. The offender is currently in noncompliance with his treatment expectations.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court, and that the Court issue a warrant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/04/2021

s/David L. McCary

David L. McCary
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[ ]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

January 4, 2021

Date